```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                             FORT WORTH DIVISION

WILSON EMELSY BROWN,              §
                                  §
              Petitioner,         §
                                  §
v.                                §    No. 4:17-CV-645-Y
                                  §
LORIE DAVIS, Director,            §
Texas Department of Criminal      §
Justice, Correctional             §
Institutions Division,            §
                                  §
              Respondent.         §
```

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Wilson Emelsy Brown, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

In 1989, in Kent County, Texas, Case No. 729, Petitioner was convicted of one count of aggravated sexual assault. (SHR09,[1] vol. 2, 80, doc. 11-1.) Subsequently, in January 2016, in Tarrant County, Texas, Case No. 1435394D, he was charged with failing to

---

[1] "SHR09" refers to the record of Petitioner's state habeas proceeding in WR-23,125-09; "SHR14" refers to the record of his state habeas proceeding in WR-23,125-14.

comply with Texas's sexual-offender registration requirements by failing to notify the Fort Worth police department of an anticipated move date and new address within seven days of his intended change of address. (SHR14 70, doc. 11-26.) On February 29, 2016, pursuant to a plea agreement, he pleaded guilty to the offense and the trial court assessed his punishment at four years' confinement. (Id. at 78.) Petitioner did not appeal his conviction but did file a state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (Id. at 2; Action Taken, doc. 11-23.) This federal habeas petition followed.

## II. ISSUES

Petitioner raises the following grounds for habeas relief:

(1) his 2016 conviction is "found on a void underlying offense";

(2) retroactive application of the "newly amended version" of Texas's sex offender registration statute increased the "level of severity and range of punishment for a violation of the same requirements";

(3) he was denied effective assistance of trial counsel; and

(4) his guilty plea was unknowing and involuntary as a result of counsel's incorrect advice.

(Pet. at 6-7, doc. 1.)

## III. RULE 5 STATEMENT

Respondent believes that Petitioner has exhausted his state-court remedies as to the claims raised and that the petition is neither successive nor barred by the federal statute of limitations. (Resp't's Ans. 3, doc. 9.)

## IV. DISCUSSION

### A. Standard of Review

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

The statute also requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be

presumed to be correct. A petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). Additionally, when the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief on a state habeas-corpus application without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Richter*, 562 U.S. at 100; *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018).

**B. Valid Guilty Plea**

By entering a valid guilty plea, a defendant waives all nonjurisdictional defects in the proceeding that precedes the plea of guilty that do not attack the voluntary nature of the plea. *See Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983). If a defendant enters a guilty plea on the advice of counsel, whether the plea was knowing and voluntary turns on whether the advice rendered was within the range of competence demanded of attorneys in criminal cases. *Hill v.*

4

*Lockhart,* 474 U.S. 52, 56 (1985). To prove ineffective assistance of counsel, the defendant must prove that his counsel's performance was not only deficient, but also prejudicial to him. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In the context of a guilty plea, the defendant must show that, but for his counsel's errors, he would not have pleaded guilty and would have insisted upon going to trial. *Hill,* 474 U.S. at 57-58; *Joseph v. Butler,* 838 F.2d 786, 791 (5th Cir. 1988). If a challenged guilty plea is knowing and voluntary, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).

When reviewing a record, a court must give a signed, unambiguous plea agreement great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir.), *cert. denied,* 513 U.S. 1064 (1994). Additionally, although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contradictory contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). A defendant's solemn declarations in open court are presumed true, and a defendant generally may not recant sworn testimony made at a plea proceeding. *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985).

Under his fourth ground, without further elaboration, Petitioner claims that his guilty plea was involuntary and unknowing "because trial counsel rendered ineffective assistance,

5

in a number of instances, when he provided Petitioner incorrect advice." (Pet. 7, doc. 1.) In his state habeas application, Petitioner's primary complaint was that counsel erroneously advised him regarding his parole eligibility and discharge date. (SHR14 13, ECF No. 11-26.) Petitioner asserts that because he was erroneously advised as to the consequences associated with the state's plea offer, his plea was unknowingly entered. (Id. at 14.)

Trial counsel responded to Petitioner's allegations, in relevant part, as follows:

> I deny this man's accusations regarding my representation of him.
>
> . . .
>
> [Petitioner] has stated that I gave him erroneous advice regarding when he would be paroled and states this is why he entered a plea of guilty. As a practice I do not make any such statements to clients for the very reason that nobody has any idea when someone will be paroled or how the parole board will treat an individual. What I actually told [Petitioner] was that since he paroled out on a sex offense and more or less immediately committed a felony by not obeying the conditions of sex offender registration, I would be surprised if he didn't serve his whole term. In response, Mr. Brown said that he would plead guilty to a sentence of four years or less, which was the time remaining on his original 1989 conviction. I managed to get the ADA to give me just such an offer, knocking three years off the original seven year offer, and [Petitioner] accepted the deal, entering a plea to four years.
>
> Additionally, [Petitioner] signed a plea admonishment which states that, "Neither the Court or your attorney make any promises or representations about the amount of actual time you will serve on a sentence of incarceration in the Institutional Division or the State Jail Division of the Texas Department of Criminal Justice.

(SHR14 50-51, doc. 11-26 (citation omitted).)

Based on counsel's affidavit and the documentary record of the plea proceedings, the state habeas judge entered the following factual findings regarding the knowing and voluntary nature of Petitioner's plea:

> 9. Among other things, Mr. McCarty explained the law regarding sex offender registration to [Petitioner], and further explained that should he plead guilty, he might have to serve his full term of incarceration, and that he could make no prediction concerning an earlier release.
>
> . . .
>
> 11. [Petitioner] pled guilty in exchange for the State's four year offer only after fully discussing the case with Mr. McCarty.
>
> 12. [Petitioner] signed a written judicial confession and both orally and in writing, advised the Court that he was pleading "guilty" because he was guilty.
>
> 13. [Petitioner] did not voice any objection to any aspect of the plea proceeding.

(SHR14 64, doc. 11-26 (citations omitted).)

Based on those findings, which were adopted by the Texas Court of Criminal Appeals, and relevant state law, the state habeas court entered the following legal conclusions:

> 4. There is a presumption of regularity with respect to guilty pleas under Texas Code of Criminal Procedure art. 1.15.
>
> 5. When a defendant complains that his plea was not voluntary due to ineffective assistance of counsel, "the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases

> and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."
>
> 6. [Petitioner] has failed to prove Mr. McCarty's advice or performance . . . fell below a range of competence demanded of attorneys in criminal cases.
>
> 7. Because Mr. McCarty advised [Petitioner] of the correct range of punishment, correctly explained the parole eligibility, and discussed the requirements of the State's case with him, [Petitioner] has failed to prove that he would not have pled guilty and would have insisted on going to trial.
>
> 8. [Petitioner] has failed to prove that his plea was involuntary due to ineffective assistance of counsel.
>
> 9. [Petitioner] has failed to overcome the presumption that his plea was regular.
>
> 10. [Petitioner]'s plea was freely, voluntarily, and knowingly made.

(Id. at 65 (citations omitted).)

Petitioner fails to present clear and convincing evidence in rebuttal. See 28 U.S.C. § 2254(e)(1). Thus, this Court must apply the presumption of correctness to the state courts' findings on the issue. Having done so, Petitioner's claim that counsel gave him erroneous advice is groundless. Petitioner's conclusory assertions, after the fact, are insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state-court records. *See Webster v. Estelle,* 505 F.2d 926, 929–30 (5th Cir. 1974) (holding state-court records "are entitled to a presumption of regularity").

Because petitioner's guilty plea was knowing and voluntary, his remaining claims for relief are waived by the plea. *See Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983) (providing a knowing and voluntary guilty plea waives ineffective-assistance-of-counsel claims that do not affect the voluntary nature of the plea); *Martinez v. Evans,* 351 Fed. App'x 186, 187 (9th Cir. 2009)(providing a knowing and voluntary guilty plea waives ex-post-facto claim).

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

Further, a certificate of appealability will not be issued. Such a certificate may issue "only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Petitioner has not made a showing that reasonable jurists

would question this Court's resolution of his constitutional claims. Therefore, a certificate of appealability should not issue.

SIGNED August 30, 2018.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE